IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WALKER JOHNSON,

Petitioner, ORDER

v. 08-cv-351-bbc

MARS, INCORPORATED, a foreign corporation and LIBERTY MUTUAL FIRE INSURANCE CO., a foreign corporation,

Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Walker Johnson alleges that he broke his tooth after biting into a "hard object" in a Snickers candy bar manufactured by respondent Mars, Inc. He contends that respondent Mars and its insurance company, respondent Liberty Mutual Fire Insurance Co., are liable to him under the law of contracts and products liability. (In Wisconsin, insurance companies may be sued directly in some tort actions. Wis. Stat. § 632.24; Kranzush v. Badger State Mutual Casualty Co., 103 Wis.2d 56, 75, 307 N.W.2d 256 (1981).) In a previous order, I concluded that petitioner was indigent under 28 U.S.C. § 1915 and I directed him to make an initial partial payment, which the court has received.

In addressing any pro se litigant's complaint, the court must construe the complaint liberally. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief, the case must be dismissed promptly pursuant to 28 U.S.C. §1915(e)(2).

Petitioner's complaint is missing two key facts that prevent the court from determining whether he may proceed with his claim. The first is related to subject matter jurisdiction. Because petitioner's claim relies on state law rather than federal law, this court may hear his claim only if his state citizenship is different from that of both respondents. 28 U.S.C. § 1332. (In addition, the amount in controversy must be more than $75,000. Although it is highly unlikely that petitioner's compensatory damages satisfy that requirement, punitive damages may sometimes be recovered in a products liability case, Sharp ex rel. Gordon v. Case Corp., 227 Wis. 2d 1, 21, 595 N.W.2d 380, 389 (1999), making it plausible to infer that more than $75,000 is at stake.)

Because defendants are corporations, their citizenship is determined by their state of incorporation and their principal place of business. 28 U.S.C. § 1332(c)(1); Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 741 (7th Cir. 2004). Petitioner has alleged that respondents' principal places of business are in Virginia and Massachusetts. So far so good: these states are different from petitioner's state

of citizenship, Wisconsin. However, petitioner fails to identify the state of incorporation for either respondent, which is a problem because he is required to specify both the principal place of business and the state of incorporation to satisfy § 1332. Pastor v. State Farm Mutual Automobile Insurance Co., 487 F.3d 1042, 1047-48 (7th Cir. 2007). Until petitioner identifies respondents' states of incorporation, I cannot exercise jurisdiction over this case.

Petitioner's complaint has another problem, this one related to the merits. He alleges that the candy bar contained a "hard object," but, curiously, he does not identify what that "hard object" was. Until he does so, I cannot determine whether he has stated a claim upon which relief may be granted.

Respondents may not be held liable under the law of products liability unless the product was "unreasonably dangerous" to consumers. State Farm Mutual Automobile Insurance Co. v. Ford Motor Co., 225 Wis. 2d 305, 319, 592 N.W.2d 201, 207 (1999); see also Beacon Bowl, Inc. v. Wisconsin Electric Power Co., 176 Wis. 2d 740, 791-792, 501 N.W.2d 788, 808-09 (1993) (setting forth elements for strict liability claim for defective product). (I assume that Wisconsin law applies because petitioner alleges that he was injured here, suggesting that this state's contacts with the lawsuit are at least as great as any other. State Farm Mutual Automobile Insurance Co. v. Gillette, 2002 WI 31, ¶ 51, 251 Wis.2d 561, 588, 641 N.W.2d 662, 676 ("[T]he law of the forum should presumptively

apply unless it becomes clear that nonforum contacts are of the greater significance.”).)

Whether a product is “unreasonably dangerous” turns on the expectations of the ordinary consumer. “ If the average consumer would reasonably anticipate the dangerous condition of the product and fully appreciate the attendant risk of injury, it would not be unreasonably dangerous and defective.” Vincer v. Esther Wms. All-Aluminum South Pool Co., 69 Wis. 2d 326, 332, 230 N.W.2d 794 (1975). See also Restatement (Third) Torts: Products Liability § 7 (“a harm-causing ingredient of the food product constitutes a defect if a reasonable consumer would not expect the food product to contain that ingredient”). A reasonable consumer would not anticipate hard objects such as metal or bone to be present in a candy bar. Tardella v. RJR Nabisco, Inc., 178 A.D.2d 737, 576 N.Y.S.2d 965 (N.Y. App. Div. 1991) (metal pin in candy bar); Gates v. Standard Brands, Inc., 43 Wash. App. 520, 719 P.2d 130, 134 (1986) (bone in candy bar); Polvere v. Chunky Chocolate Corp., 140 N.Y.S.2d 322 (N.Y. Sup.1955) (sliver of metal in chocolate). However, a reasonable consumer *would* anticipate that a Snickers candy bar contains “hard objects” such as peanuts, because all Snickers bars contain them and they are listed as an ingredient on the label. Thus, if petitioner broke his tooth on a peanut, he cannot proceed with his tort claim.

Petitioner’s claim under the implied warranty of merchantability is similarly contingent on the type of object that was in the candy bar. The basic question under such a claim is whether the product is fit for the ordinary purpose for which it is intended. Wis.

Stat. § 402.314. In the context of food products, the plaintiff must show that the item was not "reasonably fit for human consumption" and included ingredients a consumer would not "reasonably expect to find" in the particular food product. Betehia v. Cape Cod Corp., 10 Wis. 2d 323, 326-28, 103 N.W.2d 64, 66-67 (1960). Again, this standard could be met if the candy bar included foreign objects such as metal, Wagner v. Mars, Inc., 166 So.2d 673, 673-75 (Fla. Ct. App.1964) (plaintiff stated claim under implied duty of merchantability when candy bar included "nails or pins"), but it could not be satisfied if the object was simply a peanut, which is commonly found in many types of candy.

Accordingly, petitioner may have until August 4, 2008 to file an amended complaint that includes the following information:

(1) the states of incorporation of both respondents;

(2) the type of "hard object" that petitioner discovered in the candy bar.

To be clear, petitioner should not file a document that includes nothing except the two pieces of information requested by the court. Rather, his amended complaint should be identical to the original complaint, with the exception of these two changes. If he does not file a response by that date, I will dismiss the case for petitioner's failure to show that this court may exercise subject matter jurisdiction over the case.

In reviewing this order, petitioner may observe that I have not recognized the "failure to warn" theory that he identifies in his complaint. This is because petitioner cannot

proceed under such a theory, no matter what the "hard object" was. If the object was something that should not have been in the candy bar, such as a piece of metal, the theory would be inapplicable. A manufacturer has a duty to warn consumers when it knows or should know that the "intended" use of one of its products creates an unreasonable risk of injury or when a danger posed by an unintended use is reasonably foreseeable. Strasser v. Tanstech Mobile Fleet Service, Inc., 236 Wis. 2d 435, 459, 613 N.W.2d 142, 154 (2000). In other words, the theory applies when a *nondefective* product is dangerous under ordinary use. Obviously, Snickers candy bars are not designed by respondent Mars to include metal objects, making it impossible for respondent to warn consumers of any danger in such a case.

Of course Snickers bars *are* intended to include peanuts. However, even if I were to assume that respondents had a duty to warn consumers about the presence of peanuts, respondent Mars has satisfied that duty by listing peanuts on the label as one of the ingredients. Respondents would have a further duty to warn only if whatever danger peanuts pose was not commonly known to the average consumer. Id. at 460 (quoting Restatement (Second) of Torts § 388) (manufacturer has no duty to warn if it "has no reason to believe that those for whose use the [product] is supplied will realize its dangerous condition")). Given the widespread use of peanuts in countless food products, I cannot conclude that a reasonable consumer would be unaware of any dangers they might pose to highly sensitive teeth.

ORDER

IT IS ORDERED that petitioner Walker Johnson may have until August 4, 2008, in which to file with the court a proposed amended complaint that is identical to his original complaint, with the exception that it should contain the following information: (1) the states of incorporation of respondents Mars, Inc. and Liberty Mutual Fire Insurance Co.; and (2) the type of "hard object" that he discovered in his candy bar. If petitioner does not respond to this order by August 4, I will dismiss the case for petitioner's failure to show that the court may exercise subject matter jurisdiction over the case.

Entered this 14th day of July, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge